UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

KIM DOWNS,

    Debtor.

KIM DOWNS,

    Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Appellee.

Case No. 14-cv-3-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes.  Debtor Kim Downs filed this appeal of an order in a bankruptcy case.  Downs filed a voluntary Chapter 13 bankruptcy case in the U.S. Bankruptcy Court for the Southern District of Illinois, Petition No. 13-31457-lkg.  Downs appeals the Bankruptcy Court's November 26, 2013, decision not to reconsider its October 8, 2013, order finding that, pursuant to 11 U.S.C. § 362(c)(3), the automatic stay of 11 U.S.C. § 362(a) was no longer in effect.  Specifically, the Bankruptcy Court held that since Downs had had a bankruptcy case pending within the year before filing her current petition, the automatic bankruptcy stay expired as a matter of law thirty days after she filed her current petition.  The Bankruptcy Court further found that it had not issued any order extending the automatic stay beyond the thirty-day period, that the automatic stay was lifted as to an eviction against Downs personally, and that whether the creditors had standing to ask that the stay be lifted was irrelevant in light of the automatic expiration of the stay.

    Shortly after filing her notice of appeal to this Court on December 9, 2013, Downs filed a

"Request for De Novo Review of the Bankruptcy Judge's Order" (Doc. 4).   Before this Court addressed the appeal, on January 14, 2014, the Bankruptcy Court dismissed Downs' petition for failure to file an amended plan as ordered by the Bankruptcy Court (Doc. 5), and Downs did not move to reinstate the case within the time allowed by the Bankruptcy Court.   Then on January 31, 2014, in the District Court, she filed a motion for reconsideration asking the Bankruptcy Court to revisit its decision to dismiss her petition (Doc. 6).   Several days later, Downs filed in the District Court a "Notice of Appeal" of the Bankruptcy Court's January 14, 2014, order of dismissal.   Downs has also filed a motion for leave to proceed *in forma pauperis* (Doc. 10).

Puzzled as to the status of this case in the District Court, the Court ordered the parties to file status reports (Docs. 8 & 11).   The Court has received status reports from Downs (Doc. 9), Federal National Mortgage Association ("Fannie Mae") (Doc. 13) and the Chapter 13 Trustee (Doc. 16).   It has also received Downs' objection to Fannie Mae's status report (Doc. 20).

As a preliminary matter, the Court notes that the only issue before the Court at this time involves the propriety of the Bankruptcy Court's November 26, 2013, decision not to reconsider a prior order finding that the automatic bankruptcy stay of 11 U.S.C. § 362(a) had expired.   That is the only decision for which a notice of appeal was properly filed in this case.   That notice of appeal does not bootstrap other decisions of the Bankruptcy Court before this Court.

The Court next turns to a potential jurisdictional problem pointed out by Fannie Mae. Fannie Mae argues that dismissal of this appeal is proper at this time because the issue of whether the stay was in place has become moot by the dismissal of Downs' underlying bankruptcy case. An unchallenged dismissal of a bankruptcy proceeding renders moot the issue of whether the automatic stay is in place.   *In re Statistical Tabulating Corp.,* 60 F.3d 1286,1289-90 (7th Cir. 1995) ("Because the stay is dependent on the existence of the bankruptcy, the dismissal of the case disposed of any dispute about the stay."); *see, e.g., In re Sykes*, 554 Fed. App'x 527, 528-29 (7th

Cir. 2014) ("An unchallenged dismissal of a bankruptcy case moots a dispute about a stay because the stay, to be valid, requires a pending bankruptcy case."). However, it appears that the dismissal of Downs' underlying bankruptcy petition is not unchallenged and the dismissal is not final. As noted earlier, Downs filed a notice of appeal of that decision, although she filed it in the wrong forum. By separate order, the Court has directed the Clerk of Court to transfer the notice of appeal to the Bankruptcy Court for filing and for opening a new appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(a) (2013). *See* District Case No. 14-cv-1386-JPG. Until that appeal is resolved, the issue of the automatic stay is not moot.

The Court next turns to several procedural deficiencies in this case. There are several procedural tasks an appellant must accomplish when appealing an order of the Bankruptcy Court to the District Court.[1] For example, within fourteen days of filing a notice of appeal, an appellant must file with the Bankruptcy Clerk a designation of items to be included in the record on appeal and a statement of the issues to be presented on appeal. Fed. R. Bankr. P. 8006 (2013). The appellant must also serve and file a brief within fourteen days of entry of the appeal on the docket, Fed. R. Bankr. P. 8009(a)(1) (2013), and the brief must be in a specific form, Fed. R. Bankr. P. 8010(a)(1) (2013). Downs has failed to satisfy any of these requirements. In addition, an appellant must serve all papers filed on all other parties to the appeal either by mail or personal service if the Court's CM/ECF filing system does not serve the parties for them. Fed. R. Bankr. P. 8008(b) (2013). The certificates of services attached to Downs' filings made before other parties registered with CM/ECF do not indicate she has served *any* of the other parties to this action with *any* of those documents, nor do her certificates of service made after other parties registered with

---

[1] The Court notes that the Federal Rules of Bankruptcy Procedure were substantially changed in form as of December 1, 2014. The Court judges Downs' compliance with the relevant rules prior to December 1, 2014, as they existed at that time. However, moving forward, this case will be governed by the rules as they now exist.

CM/ECF indicate service by CM/ECF as required by CM/ECF User's Manual §§ 2.4 & 2.5.

Downs has demonstrated an utter disregard for the Court's procedural requirements. The Court is well aware that it must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). As a consequence of Downs' failures to follow proper procedures, this case has lingered on the docket for far longer than it should have.

In order to get this case back on track, the Court:

- **ORDERS** that Downs shall file in this Court on or before January 16, 2015, her designation of record, a statement of the issues to be presented on appeal, and opening brief, as set forth in Federal Rules of Bankruptcy Procedure 8009(a)(1), 8014(a) & 8015 (2014). In light of the fact that Downs has had more than a year since filing her notice of appeal to prepare her appellate brief, the Court will grant an extension of time only in extraordinary circumstances. Further filings shall be governed by the Federal Rules of Bankruptcy Procedure (2014), the Federal Rules of Civil Procedure and any other applicable rules;

- **WARNS** Downs that if she fails to file the foregoing documents in a timely manner, the Court may dismiss this action with prejudice pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(2) (2014) and/or Federal Rule of Civil Procedure 41(b);

- **WARNS** the parties that it will strictly construe the Federal Rules of Bankruptcy Procedure (2014), Federal Rules of Civil Procedure and any other applicable rules with respect to future filings in this case, including regarding certificates of service; and

- **DENIES** without prejudice Downs' "Request for De Novo Review of the Bankruptcy Judge's Order" (Doc. 4). Downs may make that request in her appellate brief.

**IT IS SO ORDERED.**
**DATED:   December 22, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
